David A. ROSS, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 23211.

Missouri Court of Appeals,
Southern District,
Division One.

July 17, 2000.

Motion for Rehearing or Transfer to Supreme Court Denied Aug. 1, 2000.

Irene Karns, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Judge.

This is an appeal of a motion for post-conviction relief. David A. Ross (movant) was convicted of driving while intoxicated, third offense, a Class D felony. *See* §§ 577.010.1 and 577.023.1(2) and .3.[1] He was charged as and found to be a persistent offender pursuant to §§ 577.023.1(2) and 558.016.3 and sentenced to an extended term of imprisonment of ten years. *See* § 558.016.7(4). Following an unsuccessful appeal of his criminal case, movant filed a *pro se* motion for post-conviction relief as permitted by Rule 29.15.[2] Counsel was appointed and an amended motion filed. An evidentiary hearing was held after which the motion court filed findings of fact and conclusions of law and entered judgment denying the motion. This court affirms.

Movant's underlying criminal offense occurred December 16, 1995, in Wayne County, Missouri. He was charged by information filed May 20, 1996, in the Circuit Court of Wayne County. Trial was scheduled for August 2, 1996. Movant was represented by a public defender. Prior to the trial date, the state made a negotiated plea offer. It offered to recommend a sentence of three years' imprisonment with the state expressing no opposition to a "120 day call back." On July 29, 1996, the state and defendant appeared before the trial court and announced that an agreement had been reached and requested that the case be passed for guilty plea. The request was granted. Movant was ordered to appear August 22, 1996, "for plea." The August 2, 1996, trial date was stricken.

On August 22, 1996, the parties appeared. Movant's public defender announced they were not going to proceed with the plea of guilty. The case was reset for jury trial on October 18, 1996. On October 16, 1996, employed counsel entered an appearance for movant and

filed a request for continuance. On October 18, 1996, the case was called but movant did not appear. Capias was ordered and the case reset for jury trial November 13, 1996.

On November 13, 1996, movant appeared with his attorney. The trial court withdrew the capias warrant for movant's arrest and reset the case for jury trial February 7, 1997.

The parties appeared February 7, 1997. Movant was represented by his employed trial counsel. An amended information was filed charging movant as a prior and persistent offender. Movant was arraigned on the charge as amended. The amended information that was read to movant included the language, "[Movant] is also a persistent offender, punishable by sentence to an extended term of imprisonment...." At the end of the prosecuting attorney's recitation of the charge set forth in the amended information, he advised movant, "The range of punishment for the extended term is imprisonment for an extended term of years not to exceed ten years."

After the amended information was read to movant, together with the prosecutor's statement of the range of punishment, movant was asked how he pleaded. He answered, "Not guilty."

The case proceeded to trial. Movant was found guilty. On March 25, 1997, the trial court sentenced him to ten years' imprisonment.

Movant's sole point on appeal asserts the motion court erred in finding he was not denied effective assistance of trial counsel. He argues that he was not advised by counsel that he could be charged as a persistent offender and thereby receive an enhanced sentence; that had he known this, he would have pleaded guilty

1. References to statutes are to RSMo 1994.

2. Movant's Rule 29.15 motion was filed July 8, 1998. Thus, Missouri Rules of Court 1998 apply.

when offered the three-year negotiated plea.[3]

The motion court found that even if movant's original trial counsel were ineffective in not ascertaining and advising movant that his charge could be amended to charge him as a persistent offender and subject him to an extended punishment, movant was not prejudiced. The motion court did not find movant's testimony that he would have accepted the negotiated plea offer had he been so informed credible.

The state points out that after movant was arraigned on the amended information that charged him as a persistent offender, movant did not reopen negotiations to plead guilty. The state further observes that movant has cited no case holding that counsel can be ineffective for failing to point out ranges of punishment for offenses other than that charged. The state argues that movant's trial counsel was not required to be clairvoyant so as to advise movant that the state might add additional charges or elect to use enhancement of punishment provisions if movant did not accept the negotiated plea offer the state tendered.

■ This court finds the state's argument compelling. In *State v. Cottrell*, 910 S.W.2d 814 (Mo.App.1995), the court discussed a trial attorney's failure to predict a change in the law as to a particular instruction used at trial. The change occurred after the trial. *Cottrell* concluded trial counsel's performance in that case was to be evaluated based on the law existing at the time of the trial. *Id.* at 817. That rationale is equally applicable to a trial attorney's obligation to correctly inform a criminal defendant of the applicable range of punishment for a particular offense. The range of punishment that must be explained is the punishment applicable to the offense charged at the time the advice is given.

■ The range of punishment movant's trial attorney conveyed was the correct range of punishment for the offense charged at the time of the plea negotiations. Movant's complaint is that his attorney failed to predict later changes to the charge that affected the range of punishment. This court does not find that movant's attorney was required to predict those changes and advise movant that they might be made.

■ Regardless, the motion court concluded that movant would not have accepted the negotiated plea offer if he had known the charge would be amended. That finding is not clearly erroneous. As the state points out, movant did not explore the possibility of pleading guilty the day of trial after the charge was amended. His lack of effort in that regard undermines his claim that he would have accepted the negotiated plea offer if he had known the charge could be amended. The motion court did not err in finding movant was not prejudiced by his trial attorney's failure to advise him that his criminal charge could be amended to charge him as a persistent offender and subject him to a greater range of punishment.[4] Movant's point is denied. The judgment denying the Rule 29.15 motion is affirmed.

CROW, P.J., and SHRUM, J., concur.

---

3. Driving while intoxicated, third offense, is a class D felony, *see* § 577.023.1(2) and .3, the maximum punishment for which is five years' imprisonment. § 558.011.1(4). Maximum punishment for that offense when committed by a persistent offender is ten years' imprisonment. § 558.016.7(4).

4. "To establish ineffective assistance of counsel, defendant must satisfy the *Strickland* two-prong test, showing (1) counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under substantially similar circumstances, and (2) that defendant was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)." *State v. Boone*, 869 S.W.2d 70, 78 (Mo.App.1993).