Ronald DENNIS, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 59212.

Missouri Court of Appeals,
Western District.

July 31, 2001.

Jeannie Marie Willibey, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John Munson Morris, III, Shaun J. Mackelprang, Asst. Attys. Gen., Jefferson City, for respondent.

PAUL M. SPINDEN, Chief Judge.

Ronald Dennis charges that the circuit court was clearly erroneous in denying his motion for post-conviction relief without an evidentiary hearing because he averred

facts, not contradicted by the record, that his attorney's representation was ineffective. Dennis alleged that his attorney did not inform him that the state might charge him as a prior drug offender. Had the attorney anticipated the charge, he alleges, he would have pleaded guilty rather than face a jury trial. We affirm the circuit court's judgment.

■ A jury found Dennis guilty of possessing a controlled substance with the intention of distributing it, and the circuit court sentenced him as a prior drug offender to a prison term of 14 years. In his motion for post-conviction relief, Dennis asserts:

[Dennis] was charged with the class B felony of possession of a controlled substance with intent to deliver. Prior to trial, the State made an initial plea offer of seven years in prison in exchange for [his] guilty plea. [He] discussed this offer with his attorney and decided to reject it. Closer to trial, the State suggested that [Dennis] plead open to the B felony and the State would make no recommendation to the court. [Dennis] rejected this offer as well.

On the day before trial, [Dennis], who was incarcerated in the Buchanan County jail, received a message that his attorney ... wanted to speak with him. [Dennis] called [his attorney] collect from the county jail. [The attorney] told [Dennis] that the State was offering the open plea to the B felony, with a range of punishment from five to fifteen years in prison, "one more time." [Dennis] asked what [the attorney] advised him to do. [The attorney] advised that he believed that if they proceeded to trial and lost, [Dennis] would receive between five and fifteen years in prison. Therefore, [Dennis'] understanding was that the range of punishment he faced would be the same with either the trial

or the open plea. Believing that he had nothing to lose by going to trial, [Dennis] opted to proceed to trial.

On the morning of trial, the State filed an amended information alleging that [Dennis] was a prior drug offender. In accordance with Section 195.291 RSMo, this changed the authorized term of imprisonment [Dennis] was facing from five to fifteen years to ten to thirty years. ...

[Dennis'] rights to due process of law and to effective assistance of counsel were violated by counsel's failure to advise [him] that the State could and would charge [him] as a prior drug offender.... [Dennis] was never advised that since both his prior conviction and his present charge were drug offenses, he could be sentenced to ten to thirty years in prison if convicted at trial.

■ The circuit court rejected Dennis' claim. The standard for our review of the circuit court's judgment is whether it was clearly erroneous. Rule 29.15(k). A decision is clearly erroneous if we have a definite and firm impression that it is mistaken. *State v. Schaal,* 806 S.W.2d 659, 667 (Mo. banc 1991), *cert. denied,* 502 U.S. 1075, 112 S.Ct. 976, 117 L.Ed.2d 140 (1992).

Dennis complained that his attorney did not predict that the state would amend its information to charge him with the punishment enhancement. Even if the allegation were true, it did not assert a claim for which post-conviction relief can be granted.

■ An attorney's obligation is to inform a criminal defendant correctly concerning a crime's range of punishment— not to predict changes to the state's charges and to advise his client of all contingencies. "The range of punishment that must be explained is the punishment

applicable to the offense charged *at the time* the advice is given." *Ross v. State*, 26 S.W.3d 600, 602 (Mo.App.2000) (emphasis added). An attorney is not required to be clairvoyant in advising his client what the state *might* do in electing to use provisions to enhance punishment. *Id.*

Dennis did not allege that his attorney had information that would cause a reasonably able attorney to believe that the state was going to charge Dennis as a prior drug offender. Hence, Dennis did not plead facts that established his attorney was ineffective in representing him. We, therefore, affirm the circuit court's judgment.

VICTOR C. HOWARD, Judge, and LISA WHITE HARDWICK, Judge, concur.